IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARVIN D GULLEY,

    Plaintiff,

v.                                       CASE NO. 4:04-cv-00176-MP-AK

AUBREY T AMAN,
DANIEL H BANNISTER,
ALVIN F BUCHANAN,
LANNY R HAZEN,
JAMES CLARK MOODY,
MARK J STEPHENS,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 32, the Motion to Dismiss filed by all Defendants. In the motion, the defendants argue that Plaintiff, a state prisoner at the time of the events giving rise to this § 1983 suit, has failed to exhaust all available administrative remedies as required under Section 1197e(a) of the Prison Litigation Reform Act (PLRA). The Plaintiff responds in doc. 34 that he satisfied administrative remedies by filing an emergency grievance on June 8, 2000, as well as a grievance of February 28, 2002, and subsequent appeals. For the reasons stated below, the Court concludes that the plaintiff has exhausted administrative remedies, and the Court therefore denies the motion to dismiss.

According to the complaint in this case, on June 1, 2000, Plaintiff was locked in a shower at the Taylor Correctional Institute and sprayed with pepper spray, without provocation, for approximately two minutes. Twenty minutes later, Defendants allegedly used tear gas on Plaintiff. Finally, when Plaintiff requested a shower, Defendants allegedly only provided

scalding hot water for the shower.  On June 3, 2000 Plaintiff filed an informal grievance about the alleged incident.  Because he had not yet received a response to the informal grievance, on June 8, 2000, Plaintiff filed an emergency grievance with the Secretary of the Department of Corrections ("DOC").  The emergency grievance was denied after being "reviewed and evaluated."  Plaintiff's Composite Exhibit A, page 1.   Two years then passed.

Plaintiff re-initiated the grievance procedure on February 28, 2002 by filing an informal grievance requesting compensatory damages and corrective action.  The grievance was denied on grounds that the prison grievance system was unable to provide monetary compensation.  Plaintiff then filed a formal grievance.  This grievance was denied as an untimely appeal of the informal grievance, despite being received only four days after Plaintiff received the response to the informal grievance.  Plaintiff should have had fifteen days from the date of the response, pursuant to Rule 33-103.011(1)(b)(1) F.A.C., to file a formal grievance.   Plaintiff appealed this denial to the Secretary of the DOC.  On appeal, the Secretary did not discuss the previous ruling below that the appeal was untimely and did not procedurally bar the appeal.  Instead, the Secretary stated that the appeal was "received, reviewed, and evaluated" but denied because "[t]he grievance procedure is not a method to seek monetary compensatory awards."   Plaintiff's Composite Exhibit A,  p. 6.   In addition, as to the portion of the grievance which asked for corrective action rather than money, the grievance was denied because action had already been taken.  In other words, the Secretary reached the merits of the appeal despite the ruling below of untimeliness.  Plaintiff then brought suit in this Court.

Defendants move to dismiss and offer two reasons why Plaintiff has not fully exhausted all available administrative remedies as required under Section 1197e(a) of the PLRA.  First,

since Plaintiff failed to appeal the denial of an emergency grievance filed in June, 2000, Defendants argue that this emergency grievance therefore cannot suffice to exhaust available administrative remedies. Secondly, Defendants claim that Plaintiff's re-initiation of grievance procedures in 2002 was untimely ab initio, occurring two years after the event, and should also be procedurally barred because of the allegedly untimely appeal of the initial, informal grievance.

In order to determine whether Plaintiff exhausted all available administrative remedies, we must first review The Florida Administrative Code, which provides the relevant inmate grievance procedure. *See* Rule 33-103 F.A.C. The procedure consists, in most instances, of a three-step process. Rule 33-103.011 F.A.C. Prisoners may first file an informal grievance "within a reasonable time" of the incident occurring. Rule 33-103.011(1)(a) F.A.C. Reasonableness is to be determined on a case by case basis considering factors such as availability of witnesses and relevant documentary evidence. *Id.* Prisoners can file a formal grievance initially (Rule 33-103.006(3) F.A.C.), by-passing the informal grievance, in certain circumstances or in response to a denial of the informal grievance. As a final step, prisoners may appeal to the Office of the Secretary. Rule 33-103.007 F.A.C.

Prisoners who believe their situation to be an emergency may instead file an emergency grievance and by-pass the usual three-step process. Rule 33-103.006(3)(a) F.A.C. The reviewing authority, the Bureau of Inmate Grievance Appeals, (Rule 33-103.007(6)(b)) may then stamp the grievance "not an emergency" and return it to the prisoner with instructions to resubmit or they may review and respond to the grievance. Rule 33-103.006(3)(a)(1)-(4) F.A.C. If prisoner's emergency grievance is returned as "not an emergency" then "other applicable

procedures in Rule 33-103.007," including the need to appeal, "shall apply." Rule 33-103.007(6)(e).

We first apply these procedures to Plaintiff's emergency grievance in 2000. Plaintiff filed an emergency grievance pursuant to Rule 33-103.006(3)(a) F.A.C. on June 8, 2000 after no response was received to an informal grievance filed on June 3, 2000. The emergency grievance was returned to Plaintiff after being reviewed on the merits, rather than being deemed "not an emergency." Thus, Defendant's argument that Rule 33-103.007(6)(e) applies to the emergency grievance in this case and requires that the denial be appealed is without merit. Rule 33-103.007(6)(e) deals with an emergency grievance that is denied as "not an emergency." No language in the Rule requires a prisoner to appeal a denial of an emergency grievance when that denial is based on the merits. Therefore, since Plaintiff's grievance was denied on the merits, Rule 33-103.007(6)(e) is inapplicable and Plaintiff was not required, and in fact may not have been able, to appeal the denial of the emergency grievance. Because no appeal to the denial of the emergency grievance was available, Plaintiff exhausted all available administrative remedies in his initial grievance filings in 2000.

The 2000 emergency grievance was thus sufficient to exhaust administrative remedies. Even if it were not, however, the Court concludes that the Plaintiff also met the exhaustion requirement in 2002 when he re-initiated the grievance process. That is, although the filing of a formal grievance some two years after the event would probably be unreasonable in most cases, the prison officials essentially "lifted the procedural bar" on review of the grievances by reaching the merits of each appeal without basing the decision on untimeliness.

Rule 33-103.011(1)(a) leaves the decision of whether a certain grievance was filed

"within a reasonable time" to the reviewing prison authority at that level, on a case by case basis. *Id*. Since the timeliness is left to the discretion of prison officials, the questions arises as to whether prison officials can waive untimeliness as a procedural bar if they rule on the merits of the appeal rather than basing dismissal explicitly on untimeliness. On this issue the decision of our sister Court in *Griswold v. Morgan*, 317 F.Supp.2d 226 (W.D.N.Y. 2004) is instructive. In *Griswold*, similar facts to those in the instant case presented the same question of resurrection. Plaintiff in that case appealed a decision in the prison system which rejected his grievance as untimely . *Id*. at 229. There was a decision by the reviewing authority on appeal which said nothing about untimeliness. *Id*. at 230. The court in *Griswold* drew parallels between the PLRA's exhaustion requirement and habeas corpus cases where if the last state court presented with a federal claim reaches the merits, then the procedural bar is lifted. *Id*.(citing *Ylst v. Nunnemaker*, 501 U.S. 797, 801(1991). The court determined that the untimeliness of the plaintiff's grievance did not constitute a failure to exhaust available administrative remedies since the final decision-making body in the system reached the merits. *Id*.

Like the plaintiff in *Griswold*, Plaintiff in the instant case appealed to the Secretary despite receiving a response that his formal grievance was untimely. Had Plaintiff stopped use of the grievance process after his formal grievance was rejected as untimely, and attempted to bring his case in this Court at that point, he clearly would not have exhausted all available remedies. *See Harper*, 179 F.3d at 1312. But he did not. When Plaintiff appealed, the Secretary ruled on the appeal on the merits, with no mention of untimeliness. As was the case in *Griswold*, the final decision-making body in the system denied the grievance on the merits, not for untimeliness. 317 F.Supp.2d at 230. Because of this, the Court holds that plaintiff exhausted

available administrative remedies with his 2002 grievances.

The above conclusion comports with the policy reasons behind the exhaustion requirements. The appropriate administrative agency has had an opportunity to develop a factual background and discover and correct their own errors. The agency has been permitted to exercise its discretion throughout the grievance procedure. Concern over intentional untimely filing by inmates in order to bypass the administrative system and go directly to court is not present here. *Id*. There is no apparent deliberate flouting of the administrative system since Plaintiff did attempt to use the grievance process -- not only once but twice.

For the foregoing reasons, is it hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion to Dismiss for failure to exhaust all available administrative remedies (doc. 32) is denied.

**DONE AND ORDERED** this  *22nd*  day of June, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge